**Tommy Joe HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51854.**

Court of Criminal Appeals of Texas.

July 7, 1976.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, James D. Burnham and Dale Markland, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at ninety-nine years.

The only grounds of error challenge the legality of appellant's warrantless arrest and of the accompanying search of the motel room where the arrest occurred. The search revealed guns used and money and drugs taken in the pharmacy robbery of which appellant stands convicted.

The record of the hearing upon the motion to suppress reflects that a few hours after the robbery Officer Chadwell of the Fort Worth Police Department received a telephone call from a confidential and reliable informant who stated that he had seen two males and a female in a red Mustang automobile suspiciously deposit some items in a large garbage dumpster and then leave. The informant noted the Oklahoma license plate number and investigated the dumpster, finding a large number of drug boxes and a small quantity of drugs.

Officer Chadwell then related this information to Officer Senkel of the Dallas Police Department. Senkel stated that earlier in the day two males in a red Mustang with Oklahoma license plates had committed a robbery at a pharmacy. A police bulletin containing these details was then broadcast.

Within minutes another police officer found the red Mustang with the correct license plate number parked at a motel in River Oaks less than one-half mile from the dumpster where the informant had found the drug boxes and drugs. Several officers were dispatched to the motel.

Officer Lassiter talked to the motel desk clerk, who stated that two males fitting the description of the robbery suspects and one female had checked into the motel room directly adjacent to where the Mustang was parked. The clerk also knew that one of the males had recently been taken in a taxicab to the airport, but that the other two occupants were still in the room.

The officers knocked on the door of the motel room and were invited to enter by a female, who then sat on a bed. Appellant was sitting in a chair. Both were placed under arrest. The officers then searched the female's purse, which was located next to her on the bed. The purse contained a pistol. Suitcases in the room were opened and searched and large quantities of money and drugs and another pistol were found. The arrest and search were completed shortly after 6:00 p. m.

All of the above described events, from the discovery of the items in the dumpster by the informant to the arrest and search of appellant, took approximately thirty minutes.

■ Appellant contends that his arrest was illegal because no warrant was obtained. We disagree.

Article 14.04, V.A.C.C.P., provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

There was ample probable cause to believe that appellant had committed a rob-

bery a few hours prior to the arrest. He was found in a motel room and in possession of a car with the reported Oklahoma license plate. The man who the police officers had probable cause to believe had assisted appellant during the robbery had already escaped. The police officers testified at the hearing that it might have taken two or three hours to find a magistrate and obtain an arrest and search warrant and that the arrest was quickly effected so as to preclude any possibility of escape. Under these circumstances, the officers reasonably concluded that quick action was necessary to preclude appellant's imminent escape. Cf. *Honeycutt v. State*, Tex.Cr.App., 499 S.W.2d 662. The warrantless arrest was clearly authorized under the statute cited. Cf. *U. S. v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598.

Appellant next contends that the scope of the search exceeded the permissible bounds of a search incident to a lawful arrest. This contention has no merit.

The purse and suitcases searched were all within a few feet of where appellant and his female companion were arrested. The police officers were authorized to search these items, as well as the arrestees' persons, to secure their own safety and to prevent the destruction of evidence. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The judgment is affirmed.