IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-123-CR




ALFREDO LEYBAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 368-565, HONORABLE DAVID PURYEAR, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of unlawfully carrying a weapon, Tex.
Penal Code Ann. § 46.02 (West 1989), the court assessed punishment at confinement in jail for
ten days. In a single point of error, appellant asserts that the trial court erred in overruling his
objection to the admission of evidence obtained as the result of a detention that was not based on
probable cause and a search that went beyond that authorized as incident to an arrest. We will
overrule appellant's point of error and affirm the judgment of the trial court.

 Austin Police Officer Steven Mumma testified that he was on routine patrol on
February 13, 1992, when he was approached by people in another vehicle who advised him that
they had "observed a man laying down on the ground" at the intersection of Fourth and Trinity
Streets. Mumma stated that a lady in the vehicle advised him that another man was "bothering
the man on the ground. They didn't know what was going on, but they thought that it needed to
be brought to my attention."

 Upon arrival at the location described by the informants, Mumma found an older
man who appeared "semiconscious if not unconscious." The appellant "was sitting down next to
him about three or four feet away." The older man was unresponsive to Mumma's questions. 
Appellant stated that he was watching out for his friend who was drunk. After determining the
identity of appellant, Mumma contacted the police dispatcher to determine if there were any arrest
warrants for appellant. The dispatcher advised Mumma that there was a warrant for appellant's
arrest for "no driver's license, second." See Tex. Rev. Civ. Stat. Ann. art. 6687b, § 13 (West
Supp. 1993). Mumma placed appellant under arrest, searched his person, and in response to
Mumma's question, appellant told Mumma that a tote-bag "sitting approximately three feet away
from him was his bag." Mumma's search of the bag for "evidence or weapons" resulted in the
seizure of a knife with a blade of the length of more than five and one-half inches. See Tex. Penal
Code Ann. § 46.01(6)(a) (West 1989).

 Appellant's point of error challenges the legality of his initial detention as well as
the search incident to arrest. Probable cause for a warrantless arrest exists at the moment the facts
and circumstances within the officer's knowledge, and of which he has reasonably trustworthy
information, are sufficient to warrant a prudent person in believing that the arrested person has
committed or is committing an offense. Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App.
1978). The reviewing court must look at the "totality of the circumstances" in determining
whether there existed a substantial basis for concluding that there was probable cause at the time
in question. See Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987).

 Circumstances short of probable cause may justify temporary detention for purposes
of investigation. Meeks v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983). Applicable to the
instant cause, the officer must have had articulable facts that created some reasonable suspicion
to connect appellant with unusual activity that was related to crime. See Hoag v. State, 728
S.W.2d 375, 380 (Tex. Crim. App. 1987). After having been informed that a "man was laying
on the ground" with another man" bothering" him, Mumma would have been remiss in his duty
as an officer if he had not made an investigation. Armed with this information, the officer's
action in attempting to talk to an unresponsive person who was either semiconscious or
unconscious, determining appellant's identity, and checking to see if there was an outstanding
warrant for appellant's arrest were within the bounds of reasonable investigation incident to
temporary detention. See Meeks, 653 S.W.2d at 12.

 After determining that there was a warrant for appellant's arrest, Mumma arrested
appellant and searched his tote bag. Incident to a valid arrest, "an arresting officer may search
the person of the arrestee and any area into which the arrestee might reach in order to obtain a
weapon or destroy evidence." Carrasco v. State, 712 S.W.2d 120, 122 (Tex. Crim. App. 1986). 
In United States v. Chadwick, 433 U.S. 1 (1977), the court stated, "Once law enforcement officers
have reduced luggage or other personal property not immediately associated with the person of
the arrestee to their exclusive control, and there is no longer any danger that the arrestee might
gain access to the property to seize a weapon or destroy evidence, a search is no longer an
incident of the arrest." Id. 16. Following the defendant's arrest in Carrasco for public
intoxication, the officer forcibly seized a shoulder bag from the person of the defendant. A search
of the bag at the scene of the arrest revealed three vials later determined to contain cocaine. The
Carrasco court declined to limit the area of search to articles bodily attached to the defendant. 
Id. at 123. The Carrasco court addressed the question of when officers have reduced property
to their "exclusive control":



We therefore decline to adopt a talismanic interpretation of the term 'exclusive
control' as used in Chadwick, so as to hamstring police officers who are
conducting searches incident to lawful arrests. Whether or not an officer has
'reduced luggage or other personal property not immediately associated with the
person of the of the arrestee' to his 'exclusive control' will depend upon the totality
and the exigencies of the circumstances in each case, and we so hold.



Id.

 Following the arrest of the defendant and his female companion for armed robbery
in Holt v. State, 538 S.W.2d 125, 127 (Tex. Crim. App. 1976), a purse and suitcases "within a
few feet" of where the arrest occurred were searched. The Holt court held that the officers were
authorized to search these items "to secure their own safety and to prevent the destruction of
evidence." Id. at 127. We believe it is reasonable to assume that most suspects are handcuffed
following arrest. However, it appears that it is rarely an issue in search incident to arrest cases. 
In United States v. Ciotti, 469 F.2d 1204, 1207 (3d Cir.), judgment vacated and remanded on
other grounds, 414 U.S. 1151 (1972), the court expressly rejected the defendant's contention that
there was no need to search a briefcase in the defendant's room since he was handcuffed.

 While Mumma acknowledged that the older man was "possibly" drunk, Mumma
stated that he did not know what had taken place prior to his arrival. Passing motorists were
sufficiently concerned about what they had seen to prompt them to report their observations to a
police officer. Upon arrival, Mumma found an older man near appellant who was unable to
respond to his questions. Whether Mumma had reduced appellant's tote-bag to his "exclusive
control" depends on the "totality and exigencies of the circumstances" in this cause. Carrasco,
712 S.W.2d at 123. Judged by the Carrasco standard, we hold that the search of the tote-bag
located approximately three feet from appellant was a valid search incident to arrest. Appellant's
point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Aboussie, Jones and Davis*]

Affirmed

Filed: June 30, 1993

[Do Not Publish]











* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).