## C. C. JACKSON V. THE STATE.

No. 18568. Delivered November 12, 1936.

The opinion states the case.

*E. B. Lewis,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is wife and child deser-

tion, and the punishment assessed is a fine of $150.00 and six months in the county jail.

Appellant was indicted in separate counts charging him first, with wilfully deserting his wife, who was then in necessitous circumstances; second, for wilfully deserting and refusing to provide for the support of his children, to-wit; Era Belle Jackson, Willie Mae Jackson, and Fronnie Jackson, who were then under sixteen years of age; and third, for wilfully deserting, neglecting and refusing to provide for the support and maintenance of his child, Fronnie Jackson, who was then and there under the age of sixteen years.

At the time the State rested its case appellant moved the court to require the State to elect upon which count in the indictment it would rely for a conviction. This motion was overruled and appellant excepted. The case was submitted to the jury under the first and third counts in the indictment. The jury returned the following verdict: "We the jury find the defendant guilty, and assess his punishment at sixty days in jail and $150.00 fine." It is obvious that appellant was convicted of two felonies and judgment was entered accordingly. It seems to be the rule in this state that where a single act or transaction may constitute two or more distinct offenses of the same nature, differing only in degree, provided that they relate to the same transaction, they may be charged in different counts of the indictment; and the court instead of compelling an election may submit each of the counts to the jury with the instruction that a conviction could be had only on one of them. If the court deemed it proper not to require the State to elect upon which count it relied for a conviction, he should have in his charge instructed the jury that in the event they found the defendant guilty, to state in their verdict upon which count. The court's failure to do so was error. See Wimberly v. State, 98 Texas Crim. Rep., 152; Strickland v. State, 101 Texas Crim. Rep., 531; Huffhines v. State, 94 Texas Crim. Rep., 292. It is obvious from a reading of the verdict that neither the appellant, the trial court, or this court are advised upon which count in the indictment the jury found the defendant guilty. An accused cannot be convicted of two separate and distinct felonies in the same trial by the same jury. See Smith v. State, 90 Texas Crim. Rep., 273; Banks v. State, 93 Texas Crim. Rep., 117, and cases there cited.

Appellant also challenges the sufficiency of the testimony to support his conviction for the alleged offense of wife desertion. We are inclined to agree with him. The testimony shows that

appellant owned a farm, a home, two horses, and eight cows at the time he left his wife; that he left her in possession of all of said property, besides a small crop. The testimony further shows that she owned some land situated in the State of Louisiana from which she sold some timber; that she had him indicted within less than two months after the alleged abandonment. The opinion is expressed that the testimony fails to show that the wife was in destitute and necessitous circumstances either at the time he left her or at any time up to the time of the trial, and in support of the views we refer to the case of Frank v. State, 101 Texas Crim. Rep., 121.

Appellant also complains of the admission of much testimony relating to his associations with a certain girl, but inasmuch as this question may not arise again upon another trial, we deem it unnecessary to discuss it.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.