**Woodrow Lanier MEEKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 920–82.**

Court of Criminal Appeals of Texas, En Banc.

May 11, 1983.

Paul R. Lawrence, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Gerald Fry, Carl Haggard, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

On May 11, 1977, a three count indictment was filed against appellant charging him with breaking and entering a motor vehicle, theft, and credit card abuse by stealing a credit card. Enhancement paragraphs alleging two prior felonies were also included. Appellant was tried before a jury and found not guilty of the breaking and entering offense, but was convicted of stealing the credit card. The theft charge was dismissed and not submitted to the jury. After the jury found the two enhancement paragraphs true, the judge sentenced appellant to life in prison.

Appellant appealed his case to the Corpus Christi Court of Appeals on six grounds of error. In an unpublished opinion delivered on September 16, 1982, the Court of Appeals affirmed the judgment of the trial court. (Op. No. 13–81–288–CR). Appellant petitioned this Court for discretionary review. We granted review on three of the issues originally submitted as error to the Court of Appeals.

The facts are as follows. On February 28, 1976, between 4:00 and 5:00 a.m., police officers Keller and Chavez were on routine patrol in a high crime area of Houston. One of the officers testified that that particular area had been the scene of several automobile burglaries, many of which the officer himself had reported to police headquarters.

The officers first observed appellant walking in a southeasterly direction toward a parked car and away from a vacant lot where a semi-tractor/trailer truck and a stake-bed truck were parked. One officer testified that at first glance, appellant appeared to be carrying a small gun in his hand. The officers watched as appellant got into and started his car.

After appellant got into his car, Keller stepped out of the police car and approached appellant to ask for identification. While standing outside the driver's side of the vehicle, Keller noticed a citizen's band (C.B.) radio laying on the front, passenger-side floorboard of appellant's car. He then asked appellant to step out of the car. Chavez stood by appellant while Keller walked to the vacant lot. Keller observed that a window had been broken out on the passenger side of the semi-tractor/trailer truck. Looking inside the truck, Keller saw wires dangling from the roof of the tractor where a radio had been. Appellant was thereafter arrested for burglary.

Chavez searched appellant's car after the arrest and found a second C.B. radio, the wires to which color matched the wires found dangling in the truck. A camera and an Exxon credit card were also found inside appellant's car.

Appellant told the officers that he obtained the items after they were dropped by some young men seen running away from that area.

In his first ground of error,[1] appellant contends that his conviction on the third count for credit card abuse by stealing a credit card must be set aside because appellant was found not guilty of the first count of breaking and entering a vehicle. Appellant presents three bases for this argument.[2]

First, appellant argues that the carving doctrine prohibits the State from prosecuting appellant on both crimes. This doctrine was abandoned in *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982), and therefore presents no support for appellant's claim.

Second, appellant argues that the doctrine of collateral estoppel forbids a verdict such as that reached in the instant case, citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969). In *Ashe,* the United States Supreme Court held that, in a criminal proceeding, where a factual issue was necessarily decided at one trial, the relitigation of that same controlling issue in a subsequent trial was forbidden. Collateral estoppel, therefore, applies only where there are two trials on an identical issue. See also *Hite v. State,* 650 S.W.2d 778 (Tex.Cr.App.1983, at footnote 7). Since the instant case involves only one trial, appellant's use of the doctrine of collateral estoppel is inappropriate and unsupportive of his claim.

Third, appellant argues that the conviction should be set aside because the jury's verdicts were inconsistent: the verdict on the breaking and entering charge necessarily implied an adverse finding on a fact issue required for the verdict found on the credit card abuse charge. The fact issue to which appellant refers concerns the manner in which appellant initially obtained the credit card. He argues that since the jury found that he did not break into the vehicle, then the jury implicitly also found that he did not obtain the credit card from the vehicle.

Essential to our resolution of this contention is consideration of evidence absent from appellant's analysis. The State introduced evidence of a statement appellant gave to the arresting officers on the night of the offense. Appellant voiced no objec-

---

1. Appellant submitted three briefs to this Court: the first, was filed in support of his Petition for Discretionary Review; the second, was submitted after we granted his Petition; the third, was submitted as a supplemental brief in response to the State's brief. We will refer to these briefs simply as appellant's first, second or third brief. All references hereinafter made will be to appellant's first brief, unless expressly made otherwise.

2. The order of appellant's grounds of error varied between his briefs, as did the arguments in support of those grounds.

tion to admission of this evidence. Apparently, appellant told the officers that he had seen several young men in the vacant lot from which appellant was seen walking and on which the semi-tractor/trailer was parked. These young men appeared to be carrying something. When they saw appellant, they dropped what they were carrying and ran off. According to the evidence, appellant told the officers that he obtained the credit card when he retrieved the items dropped by the men.

Our examination of all the facts of this case leads us to conclude that the verdicts were not inconsistent. Initially, appellant is incorrect in his assertion that the verdict on the breaking and entering charge necessarily implied an adverse finding on a fact issue required to support the verdict reached on the credit card abuse charge. A jury finding of not guilty does not imply a negative or adverse finding on each element of the offense; such a verdict may just as well indicate that the State failed to prove any one element of the offense beyond a reasonable doubt. We cannot say with certainty that the jury finding on the first count necessarily implied that appellant did not obtain the credit card from the vehicle.

Moreover, the finding on the first charge does not necessarily imply that the jury found appellant did not thereafter obtain the credit card in violation of the law. A more rational explanation is that the jury believed the testimony that appellant retrieved the credit card after it was dropped, knowing that it was stolen. A guilty verdict would thereby be appropriate *under the law as given to the jury*.[3] The verdicts in the instant case are not inconsistent. Accordingly, appellant's third ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in overruling his motion to quash the indictment. The first count of the indictment alleged breaking and entering; the second count

alleged theft; and the third count alleged credit card abuse. Appellant's motion to quash presented to the trial court asserted that: "The indictment in the instant case violates the law in regard to pleading in that it alleges two distinct offenses under the penal code [sic], abuse of a credit card and theft."

First, we note that the issue raised by appellant's motion is moot, since the theft count was dismissed and not presented to the jury. See *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Cr.App.1978). Second, appellant's objection to the indictment raised at trial differs from the objection now voiced on appeal. At trial, appellant objected to the misjoinder of the theft and credit card abuse allegations; on appeal, appellant objects to the misjoinder of the credit card abuse and breaking and entering allegations. No error is preserved for review. *Simpkin v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979); *Rovinsky v. State*, 605 S.W.2d 578 (Tex.Cr.App.1980).

Even if the preceding errors were not present, the trial judge did not err in overruling appellant's motion since the indictment was not defective. In order to more fully develop this point, a brief discussion of multi-offense indictments is necessary.

In 1965, Art. 21.24, V.A.C.C.P., stated: "An indictment, information or complaint may contain as many counts charging the same offense as the attorney who prepares it, acting in good faith, may think necessary to insert, but may not charge more than one offense. An indictment or information shall be sufficient if any one of its counts be sufficient."

This court, in *Vannerson v. State*, 408 S.W.2d 228 (Tex.Cr.App.1966) construed that statute to prohibit charging more than one offense in a single indictment if the offenses did not arise out of the same criminal transaction. *Id.*, at 229, citing *Jarnigan*

---

**3.** Appellant was indicted and the jury was charged under V.T.C.A., Penal Code, § 32.- 31(b)(4).

*v. State,* 345 S.W.2d 754 (Tex.Cr.App.1961). The rule was thereby established that the State may allege, in a single indictment, two or more offenses in separate counts, if the offenses arose out of the same incident, act or transaction.[4] See *Koah v. State,* 604 S.W.2d 156 (Tex.Cr.App.1980) and cases cited therein at 161.

In 1974, Art. 21.24, V.A.C.C.P., was changed to read:

> "Two or more offenses may be joined in a single indictment information or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code."

Penal Code, Sec. 3.01, V.A.T.S., defines "criminal episode" as the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property).

The new wording of Art. 21.24 does not alter the previous prohibition against alleging more than one offense in a single indictment where the offenses were not committed in the same criminal transaction. Rather, the new wording of that article provides for an exception to the previous prohibition: if an act constituting an offense against property is repeated, the State may allege in a single indictment the commission of that offense as many times as it was committed, without regard to whether the acts were committed in a single criminal transaction.

For example, under the 1965 statute, if a person stole two items from two different stores, both thefts could be alleged in a single indictment only if they occurred in the same criminal transaction, i.e. they both took place in a single night, in the same city area, and within a short period of time, etc. Under the new statute, however, the State could allege commission of both thefts in a single indictment even if they occurred on two different dates, in two different areas of the city (so long as committed by the same perpetrator). See generally *Jordon v. State,* 552 S.W.2d 478 (Tex.Cr.App.1977).

Our position on this matter is supported by the wording of the new statute, and the reason supporting the change in the law. First, the new statute indicates that a state "may" join in a single indictment commission of two or more offenses. There is no express language indicating that this is the only instance in which the State may do so, nor is previous law to the contrary to be overruled.

Second, the commentary under § 3.01, Penal Code, V.A.T.S., indicates that "criminal episode" was defined to permit aggregation of property values involved in the repeated commission of a property offense so that felony status may be more easily alleged. This policy is better effectuated by eliminating the "single transaction" requirement when property offenses are involved.

Based upon the foregoing analysis, therefore, the new wording of Art. 21.24, V.A.C.C.P., continues to permit the State to allege more than one offense in a single indictment if the offenses were committed in the same criminal transaction, and further permits allegations of multiple offenses if the offenses constitute the repeated commission of a property offense but not necessarily committed in the same criminal transaction.

■ In the case at bar, both the breaking and entering offense and the credit card abuse offense arose out of the same series of acts constituting one criminal transaction. See *Crocker,* supra at 198, citing *Whitford v. State,* 6 S.W. 537, 538 (Tex.Cr.App.1887). The indictment therefore, was not defective in alleging more than one

---

4. One limitation placed on the application of this rule is that prosecution for more than one offense arising out of the same transaction is prohibited when in violation of State and Federal constitutional double jeopardy provisions. See *Ex Parte McWilliams,* 634 S.W.2d 815, 823 (Tex.Cr.App.1982). In order to deal with this potential problem, a trial judge may submit each of the offenses to the jury with the instruction that conviction may be had on only one of them. *Crocker,* supra at 197 citing

offense.[5] No error is shown. Appellant's second ground of error is overruled.

In his third ground of error, appellant asserts that the trial court erred in overruling his Motion to Suppress because the investigative stop made by the arresting officer was unlawful. He contends that the initial detention was based upon insufficient articulable facts.

Circumstances short of probable cause may justify temporary detention for purposes of investigations. *Schwartz v. State,* 635 S.W.2d 545, 546 (Tex.Cr.App. 1982), citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967) and *Ferguson v. State,* 573 S.W.2d 516 (Tex.Cr.App. 1978). In order to justify a brief investigative detention, the officer must have specific articulable facts, which, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the detainee. These specific facts must amount to more than a mere hunch or suspicion. *Williams v. State,* 621 S.W.2d 609, 612 (Tex.Cr. App.1981), and cases cited therein. The articulable facts used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication that the unusual activity is related to crime. *Schwartz,* supra at 547,

citing *Shaffer v. State,* 562 S.W.2d 853 (Tex.Cr.App.1978).[6]

The facts in the instant case do provide sufficient justification for the initial stop. Keller testified that he observed appellant carrying what appeared to be a small gun in his right hand. Since carrying a handgun on or about the person, intentionally, knowingly or recklessly constitutes a violation of the law under V.T.C.A., Penal Code, § 46.02(a), the officers were correct in detaining appellant for the purpose of a brief investigation.

Moreover, the conduct of the officer immediately subsequent to the stop did not exceed permissible bounds. The period of detention incurred by appellant while Keller walked across the street to check out the trucks was not impermissibly long since the facts of the situation justified such a detention: the area was a high crime area, there had been a number of automobile break-ins in the area, the events occurred in the early morning hours, and appellant was seen walking away from the lot and toward his car with something in his hand. The evidence in the instant case supports the brief detention for investigation purposes and appellant's rights were not unduly burdened.

The facts which developed after the initial stop were sufficient to justify appellant's warrantless arrest. After not-

---

*Jackson v. State,* 131 Tex.Cr.R. 287, 98 S.W.2d 193, 194 (Tex.Cr.App.1936).

5. Moreover, the trial judge submitted both counts to the jury with the instruction that they could convict appellant of only one of the two offenses.

6. Examples of instances in which this court has failed to find sufficient justification for the detention are *Schwartz,* supra (defendant seen leaning towards the middle of his pickup truck when a police car drove by), *Faulk v. State,* 574 S.W.2d 764 (Tex.Cr.App.1979) (defendant was detained on basis of police report concerning a "young black male" suspect in a robbery, and where defendant was seen making furtive gestures by bending forward in his car), *Shaffer,* supra (defendant observed driving at a slow speed), *Armstrong v. State,* 550 S.W.2d 25 (Tex.Cr.App.1977) (defendant seen driving a

car that appeared to have been painted over with paint from a spray can), and *Leighton v. State,* 544 S.W.2d 394 (Tex.Cr.App.1976) (defendant seen driving a white Fiat automobile that the officers believed was parked in front of a house that was supposedly burglarized).

Examples of instances in which this court has found justification for an investigative stop are *Amorella v. State,* 554 S.W.2d 700 (Tex.Cr. App.1977) (defendant seen standing by an open trunk of a car parked beside a Woolco store, which was not open for business. As the officers drove by, the defendant closed the trunk, got into the car, and drove away from the store. The events occurred at 1:30 a.m., and the store was located in a high crime area), and *Thompson v. State,* 533 S.W.2d 825 (Tex.Cr. App.1976) (Male defendant was seen walking in a high crime area at about 1:00 a.m., and carrying a suitcase with a tag that bore a woman's name).

ing the presence of a C.B. radio on appellant's car floor and discovering that the truck had been broken into and that wires were dangling from the ceiling where a C.B. radio would logically have been, the officers had sufficient probable cause to justify the arrest under Art. 14.03(a), V.A. C.C.P. The subsequent search of appellant's car incident to his arrest was likewise permissible, and the evidence disclosed as a result of that search was admissible. Appellant's third ground of error is overruled.

Finding no reversible error, the judgments of the trial court and Court of Appeals are affirmed.

ODOM, CLINTON and TEAGUE, JJ., concur in the result.