NO.
 07-10-0207-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                                 APRIL
1, 2011

 

                                            ______________________________

 

 

                                                   RAMON ANTONIO SALAZAR,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                     FROM THE 286TH DISTRICT
COURT OF HOCKLEY COUNTY;

 

                                 NO. 09-08-6937;
HON. PAT PHELAN, PRESIDING

                                            ______________________________

 

Memorandum
Opinion

______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Appellant Ramon Antonio Salazar
appeals his conviction for driving while intoxicated, a second degree
felony.  Through two issues, he contests
the trial court’s denial of his motion to suppress.  We affirm.

 

 

Background

            At the suppression hearing, Margaret
Golightly testified that she worked for the Levelland Police Department as a communications supervisor,
that she received a call from appellant’s wife, Janie Salazar, during the
afternoon of July 21, 2009, that Ms. Salazar told Golightly
that she had conversed with her husband earlier, that Salazar believed her
husband to be intoxicated, that Salazar provided a description and license
plate number of the vehicle appellant was driving, and that Salazar was
concerned for appellant’s welfare.  Golightly, who knew Ms. Salazar worked for the local
sheriff’s department, dispatched this information to the officers on
patrol.  Deputy Shane Sowell, with the
Lamb County Sheriff’s Department, heard the dispatch, observed a car meeting
the description given, and began following the vehicle.  As the deputy did so, the vehicle (which
appellant drove) turned off of and onto various dirt and paved roads and
highways.  And, as it travelled on those
roads, its speed did not exceed 20 mph, although the highway speed limit was 70
mph and the speed of those operating on the dirt roads normally approximated 40
to 50 mph.  When asked, the deputy
testified that appellant’s “speed was inconsistent with normal travel on those
roads and especially with the condition of the roads.”

            Eventually, appellant’s driving took
him into Hockley County.  When that
occurred, Deputy Sowell broadcasted appellant’s location and asked for
assistance in stopping the vehicle.  In
response, the Hockley County Sheriff “notified” Sowell that he (the sheriff)
was headed to the area and “would try to intercept” the vehicle at a designated
location.  Appellant was intercepted and
stopped by the sheriff at that location. 
State troopers then arrived at the scene to effectuate an arrest.   

Issues
One and Two - Motion to Suppress

            Appellant contends that the trial
court erred by failing to grant his motion to suppress.  He claims it was error because 1) the traffic
stop was not supported by reasonable suspicion, 2) his wife’s call to the police
station was not supported by “the officers observing any corroborating criminal
activity” and 3) the State failed to present sufficient evidence to support the
denial of his motion.  We disagree and
overrule the issues.

            We review the trial court's ruling
on a motion to suppress by affording great deference to its interpretation of
historical facts but not to its interpretation of the law.  Ford
v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).   Moreover, the ruling must be upheld if it
can be so on any legitimate theory supported by the record even if the trial
court gave a different reason for its holding. 
Stevens
v. State, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).  

Next, an officer may undertake an investigative detention if
there “’existed specific, articulable facts that,
taken together with rational inferences from those facts, reasonably warranted
that intrusion.’”  Contreras
v. State, 309 S.W.3d
168, 170-71 (Tex. App.–Amarillo 2010, pet. ref’d), quoting Haas v. State, 172 S.W.3d 42, 51
(Tex. App.–Waco 2005, pet. ref'd).  That is, the officer must reasonably
suspect that some activity out of the ordinary is occurring or has occurred,
that the detainee is connected to the unusual activity, and that the unusual
activity is related to crime.  Davis v. State,
947 S.W.2d 240, 244 (Tex. Crim. App. 1997), quoting Meeks
v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983); Contreras v. State, 309 S.W.3d at
170-71.         

We
initially note that a stop can be made upon the collective knowledge of the
officers involved.  Martinez v. State, 72 S.W.3d 76, 81
(Tex. App.–Amarillo
2002, no pet.).  That is, the
factual basis for undertaking the stop need not arise from the officer’s
personal observation but may be supplied by information acquired from one
officer to another.  Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).  So, appellant is incorrect when he suggests
that it was necessary for the Hockley County Sheriff to have witnessed the
facts justifying the stop before stopping the vehicle.  

Next, we acknowledge the existence of authority holding that
simply traveling under the speed limit does not afford an officer reasonable
suspicion to believe criminal activity is afoot.  Viveros v. State, 828 S.W.2d 2, 4 (Tex. Crim.
App. 1992).  In Viveros, the detainee,
while driving 65 mph, passed a patrol car proceeding at 45 to 50 mph.  Then, he “immediately reduced his speed” to
45 or that maintained by the officer. 
The Court of Criminal Appeals acknowledged that such conduct may
indicate that something unordinary was occurring, but it alone did not permit
the officer to reasonably infer that the unusual activity related to
crime.  Yet, here we have more indicia
than that before the Viveros court. 

The officer did not merely stop appellant because he was not
driving the speed limit or because he was driving 20 mph under that limit.  Rather, he acted upon a dispatch given by
someone known to the dispatch officer, knew of the potential inebriated state
of appellant due to the dispatch, encountered a car meeting the particularized
description provided to the dispatch officer, and saw it driving, at times, up
to 50 mph below the posted speed limit on a highway.  Upon hearing the background information and
personally viewing the vehicle being operated at such a slow speed, he sought
and secured help in stopping the car.   These circumstances liken to those in Bilyeu v. State, 136 S.W.3d 691 (Tex. App.–Texarkana 2004, no pet.), wherein an
individual approached the officer, described a particular vehicle and revealed that
the driver had been asleep at a green light. 
Thereafter, the officer saw the particular vehicle pass by him traveling
10 mph in a 30 mph zone.  The reviewing
court held that those indicia were sufficient to warrant a stop, given that the
tipster was not an anonymous informant (since the officer actually encountered
him) and the officer observed odd behavior. 
Id. at
697-98.  In view of this similarity
between the two cases, we too conclude that the stop at bar was legitimate.

The issues are overruled, and the judgment is affirmed.  

 

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

Do not publish.