

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00005-CR

MICHU MINOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 60,228-A, Honorable Dan L. Schaap, Presiding

November 14, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Michu Minor appeals his conviction for possessing five pounds or less but more than four ounces of marijuana.[1] After finding appellant guilty, a jury assessed punishment at two years' confinement in a state jail with a fine of $10,000. It recommended suspension of the sentence of incarceration and imposition of community supervision. The trial court sentenced appellant according to the jury's verdict. On

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West 2010).

appeal, appellant contends the trial court abused its discretion by denying his pre-trial motion to suppress evidence seized by a Texas Department of Public Safety trooper. Finding no error by the trial court, we will overrule appellant's issue and affirm the judgment.

Background

On July 4, 2010, the trooper was patrolling Interstate 40 near Amarillo. Approaching the city from the west, he overtook a vehicle driven by appellant. The trooper activated the video and audio recorder in his vehicle and the trial court viewed the recording before ruling on appellant's suppression motion.[2]

According to the trooper he followed appellant for approximately three miles on the interstate. Along the way, he observed appellant weaving within his lane. The speed of appellant's vehicle was about seven to eight miles per hour below the posted limit. The trooper also observed appellant leaning over the steering wheel as he drove. The trooper did not activate his vehicle's emergency lights or otherwise direct appellant to pull over. Rather, he continued following as appellant exited the interstate on the west side of Amarillo and parked in a restaurant parking lot.

The trooper positioned his vehicle at an angle to the side and rear of appellant's vehicle. The trooper was in uniform with a holstered weapon. As he approached, the trooper's first words to appellant were, "Texas Highway Patrol. Sir you haven't been drinking or anything today have you? Sir I followed you all the way back in and you were weaving within the lanes and everything else."

---

[2] The State played a portion of the video during the hearing and the trial court stated it would view the entire video before ruling on the motion.

2

While inquiring about appellant's driver's license and trip information the trooper noticed marijuana "shake" or residue on the floorboard of appellant's vehicle. He also smelled burnt marijuana on appellant's person and the odor of raw marijuana inside appellant's vehicle.

Appellant gave the trooper permission to search his vehicle and watched the procedure while seated on a nearby curb. Within a speaker box in the rear of appellant's vehicle, the trooper discovered several bundles of marijuana.[3] A pistol was also found. Appellant was arrested for possession of the contraband.

Prior to trial, appellant sought suppression of evidence seized in the search of his vehicle. The hearing on appellant's motion focused on whether the trooper detained appellant without reasonable suspicion to conduct an investigative detention or whether the contact with appellant in the restaurant parking lot was merely a consensual encounter with probable cause latter attaching when the trooper saw the marijuana shake in the vehicle. By written order, the trial court denied appellant's motion without explanation. Written findings of fact and conclusions of law were neither requested nor filed.

## Analysis

Through a single issue on appeal, appellant argues the trial court erred because the evidence showed the trooper conducted an investigative detention while lacking reasonable suspicion that crime was afoot.

---

[3] According to the trial testimony of a Department of Public Safety forensic scientist, the bundled substance submitted for analysis amounted to 3.90 pounds of marijuana.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight given their testimony. *State v. Ross,* 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). We afford almost total deference to the trial court's determination of historical facts. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Thus, we afford the prevailing party in the trial court the "strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). However, detention and reasonable suspicion are by nature legal concepts and are properly subject to *de novo* review. *Hunter v. State,* 955 S.W.2d 102, 107 (Tex. Crim. App. 1997); *Sanders v. State,* 992 S.W.2d 742, 744 (Tex. App.—Amarillo 1999, pet. ref'd). Accordingly, for purposes of a Fourth Amendment analysis we give appropriate deference to the trial court's determination of historical facts, but we review the decision of the trial court *de novo* as to whether the historical facts, viewed from the standpoint of an objectively reasonable person so situated as was the police officer, amount to "reasonable suspicion" justifying an investigatory detention. *Ornelas v. United States,* 517 U.S. 690, 697-99, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Guzman,* 955 S.W.2d at 89. When, as here, no findings of fact were requested nor filed, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *See Ross,* 32 S.W.3d at 855. We will sustain the decision of the trial court if it is correct under any theory applicable to the case. *Id.* at 855-56.

We will assume, but do not decide, that the trooper's initial contact with appellant in the restaurant parking lot was an investigative detention and not a consensual encounter.[4] But this assumption does not of itself impugn the order of the trial court. We think resolution of the appellate issue is governed by a determination whether, when the trooper initially contacted appellant, he possessed specific and articulable facts which, along with rational inferences drawn therefrom, gave rise to a reasonable suspicion that appellant was driving while intoxicated.

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An investigatory detention is reasonable, and therefore constitutional, if (1) the officer's action was justified at the detention's inception; and (2) the detention was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry,* 392 U.S. at 19-20. Under the first prong of *Terry,* the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." 392 U.S. at 21. The officer must have a "reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication

---

[4] Three specific types of interaction occur between law enforcement and citizens: (1) consensual encounters; (2) investigatory detentions; and (3) arrests. *State v. Woodard,* 341 S.W.3d 404, 410-11 (Tex. Crim. App. 2011). The protections of the Fourth Amendment are not implicated by a consensual encounter. *Id.* at 411. The totality of circumstances surrounding the interaction determines whether a reasonable person in the defendant's shoes would feel free to ignore the request or terminate the interaction. *Id.* But the conduct of the officer is the most important factor in deciding whether the interaction was consensual or implicated the protections of the Fourth Amendment. *Id.*

5

that the unusual activity is related to crime." *Davis v. State,* 947 S.W.2d 240, 244 (Tex. Crim. App. 1997) (citing *Meeks v. State,* 653 S.W.2d 6, 12 (Tex. Crim. App. 1983)). "The second prong of *Terry* deals with the scope of the detention. . . . [A]n investigative detention, 'like any other search, must be strictly circumscribed by the exigencies which justify its initiation.'" *Id.* at 243 (quoting *Terry,* 392 U.S. at 25-26).

Erratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated. *Finley v. State,* No. 06-10-00218-CR, 2011 Tex.App. LEXIS 9965, at *12-13 (Tex. App.—Texarkana Dec. 20, 2011, pet. ref'd) (mem. op., not designated for publication) (holding trial court could have found "that weaving within a lane and making an unusually wide turn during the night hours would objectively lead a reasonable officer to conclude that [defendant] was not under the full control of his faculties due to intoxication"); *State v. Tarvin,* 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref'd) (opining that weaving in one's own lane can justify investigatory stop when weaving is erratic, unsafe, or tends to indicate intoxication); *Fox v. State,* 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995), *pet. dism'd, improvidently granted,* 930 S.W.2d 607 (Tex. Crim. App. 1996) (holding officer's observation of speed of defendant's vehicle fluctuating between forty and fifty-five mph and weaving within defendant's lane provided sufficient specific facts creating reasonable suspicion that activity out of ordinary was occurring or had occurred). Reasonable suspicion justifying a traffic stop may arise even absent a violation of a traffic regulation. *See State v. Alderete,* 314 S.W.3d 469, 473 (Tex. App.—El Paso 2010, pet. ref'd) (police officers trained to detect persons driving while intoxicated had reasonable suspicion to stop driver suspected of driving while intoxicated after observing driver continuously

6

swerving within a lane for a distance of one-half mile, even though driver did not violate any traffic regulations); *Cook v. State,* 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding while erratic driving may not have constituted a traffic violation, it may provide reasonable suspicion that driver was driving while intoxicated); *McQuarters v. State,* 58 S.W.3d 250, 255 (Tex. App—Fort Worth 2001, pet. ref'd) (explaining that State was not required to prove defendant violated traffic law even if officer's testimony failed to establish reasonable suspicion that defendant violated traffic law, it raised sufficient facts justifying stop based on reasonable suspicion of defendant's intoxication); *Gajewski v. State,* 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (finding that although the defendant's driving may not have constituted a traffic violation, that did not negate a stop based on reasonable suspicion of defendant's intoxication).

At the hearing, the trooper testified he had worked eight years for DPS and was then assigned to the drug section in the criminal investigation division. Concerning the occurrence in question, the trooper testified, and the video depicts, appellant's vehicle weaving within the lane of traffic. According to the trooper, appellant leaned over the steering wheel and drove below the posted speed limit. The date was July 4. The trooper factored the date in his assessment of the circumstances because in his experience intoxicated drivers are frequently seen on a holiday weekend. *See List v. State,* No. 04-00-00406-CR, 2001 Tex.App. LEXIS 127, at *3-4 (Tex. App.—San Antonio, Jan. 10, 2001, no pet.) (not designated for publication) (affirming conviction of defendant for driving while intoxicated and noting officer considered holiday season as a factor for his suspicion); *cf. Foster v. State,* 326 S.W.3d 609, 613 (Tex. Crim. App.

2010) (noting time of day is a relevant factor in determining reasonable suspicion). The trooper testified he suspected appellant might be driving while intoxicated. Based on the totality of the circumstances and viewing the evidence in the light most favorable to the trial court's determination, we hold that there was an objective basis for reasonable suspicion that appellant was driving while intoxicated. And reasonable suspicion to detain appellant existed at the inception of the trooper's contact with appellant in the restaurant parking lot. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's sole issue is overruled.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.