ACCEPTED
04-14-00814-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/11/2015 9:52:26 AM
KEITH HOTTLE
CLERK

## NO.04-14-00814-CR

**IN THE COURT OF APPEALS
FOR THE
FOURTH COURT OF APPEALS DISTRICT
OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/11/2015 9:52:26 AM
KEITH E. HOTTLE
Clerk

**JACOB RANDALL SONGER,**
Appellant,

**V.**

**STATE OF TEXAS,**
Appellee

**Trial Court No. 13-272-CR
Appeal from the Kendall County Court at Law
of Kendall County, Texas**

## BRIEF FOR APPELLANT

## ORAL ARGUMENT REQUESTED

Submitted by:

**HAROLD J. DANFORD
Danford Law Firm
813 Barnett St.
Kerrville, TX 78028
State Bar No. 00783924
(830)257-4045 Office
(830)896-5250 Telefax
hdanford@ktc.com
Attorney for Appellant**

# TABLE OF CONTENTS

Table of Contents.............................................................................. i

Identity of Parties .......................................................................... ii

Index of Authorities........................................................................ iii

Statement of Case .............................................................................1

Statement Regarding Oral Argument ................................................ 2

Issues Presented ................................................................................2

Appellant's Point of Error.................................................................2

Statement of Facts............................................................. 2,3,4

Appellant's Only Point of Error...............................................4,5,6,7,8,9

Conclusion and Prayer...............................................................10

Certificate of Service...................................................................11

# IDENTITY OF THE PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the parties to this suit are as follows:

(1)     Jacob Randall Songer, Appellant, 4911 C Bell Springs Road, Dripping Springs, Texas 78620

(2)     The State of Texas by and through the Kendall County Attorney's Office, Donald Allee, Kendall County Attorney, who is Appellee and prosecuted this case at trial.

The appellate attorneys are as follows:

(1)     Jacob Randall Songer is represented by Harold J. Danford, Danford Law Firm, 813 Barnett St, Kerrville, Texas 78028

(2)     The State is represented by Donald Allee, Kendall County Attorney, 201 East San Antonio Street, Suite 306, Boerne, Texas 78006-2050.

# Index of Authorities

Argullez v. State, 409 S.W. 3d 657, 663-664 (Tex. Crim. App. 2013)..............8

Derichsweiler v. State, 348 S.W. 3d 906, 916 (Tex. Crim. App. 2011)..............5

Florida v. J.L., 529 U.S. 266, 270, 120 S. Ct. 1375 (2000)..............8

Ford v. State, 158 S.W. 3d 488, 492 (Tex. Crim. App. 2005)..............5

Guzman v. State, 955 S.W. 2d 85, 88-89 (Tex. Crim. App. 1997)..............4

Martinez v. State, 348 S.W. 3d 919, 923 (Tex. Crim. App. 2011)..............7

Martinez v. State, 348 S.W. 3d 925 (Tex. Crim. App. 2011)..............9

Meeks v. State, 653 S.W. 2d 6, 12 (Tex. Crim. App. 1983)..............5

State v. Sailo, 910 S.W. 2d 184, 188 (Tex. App. Ft. Worth 1995 pet. ref'd)..............7

Wade v. State, 422 S.W. 3d 661, 669 (Tex. Crim. App. 2013)..............5

Wade v. State, 422 S.W. 3d 668 (Tex. Crim. App. 2013)..............5

U. S. v. Mendenhall, 446 U.S. 544, 100 S. Ct. 1870, 1881 (1980)..............7

U.S. Constitution 4th Amendment..............1,6

U.S. Constitution 5th Amendment..............1

U.S. Constitution 6th Amendment..............1

U.S. Constitution 14th Amendment..............1

Texas Constitution Article 1, Section 9..............1,6

Texas Code of Criminal Procedure Article 38.23..............1,6

CAUSE NO. 04-14-00814-CR

| | | |
|---|---|---|
| **JACOB RANDALL SONGER** | § | **IN THE COURT OF APPEALS** |
| **Appellant** | § | |
| **v.** | § | **FOURTH SUPREME** |
| | § | **JUDICIAL DISTRICT** |
| | § | |
| **STATE OF TEXAS** | § | |
| **Appellee** | § | **SAN ANTONIO, TEXAS** |

## STATEMENT OF CASE

Appellant Jacob Randall Songer was charged by Complaint and Information with Driving While Intoxicated 1st Offense which allegedly took place on April 18, 2013 in Kendall County, Texas. On March 21, 2014, Appellant filed a Motion to Suppress complaining the arresting officer lacked reasonable suspicion to stop Appellant's vehicle in violation of Appellant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Section 9 of the Texas Constitution and under Article 38.23 of the Texas Code of Criminal Procedure.

On April 24, 2014, the Motion to Suppress filed by Appellant was heard by the Trial Court and such Motion was denied. Appellant subsequently plead guilty to said offense and was granted probation on November 4, 2014. Appellant contends the Trial Court erred in denying the Motion to Suppress.

This Appeal then follows.

1

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39.7, Appellant hereby requests oral argument.

## ISSUES PRESENTED:

### Appellant's Point of Error:

The Trial Court Erred by not granting Appellant's Motion to Suppress.

## STATEMENT OF FACTS

The facts presented at the Motion to Suppress show that on April 18, 2013, that Deputy Escalante of the Kendall County Sheriff's Office was dispatched to a McDonald's Restaurant at the Love's Truck Stop in Comfort, Texas based on a 911 call whereby someone in the drive-through line allegedly hit the building (Reporter's Record Vol. 1 p. 7-8).

Deputy Escalante testified that the Love's Truck Stop in a humongous place with lots of business and is open 24 hours a day (RR. Vol. 1, p. 20). The 911 tape was played for the Court and introduced into evidence. The caller from the 911 tape was only identified as someone named Mitch who was told by someone else

2

to call 911. (RR. Vol. 1, p. 19). The 911 caller did not witness any of the alleged activity of striking the building. It is interesting to note that the record does not contain any evidence or testimony as to when this alleged activity of striking the building took place. Further, the 911 call did not give a description of the vehicle which allegedly hit the McDonald's building. (RR Vol. 1 p. 9 & 15).

Deputy Escalante testified that dispatch told him it was a white car that hit the building. (RR Vol. 1 p. 9). However, under both direct and cross examination, Deputy Escalante admits the 911 call was **silent** as to a description of the color of the car (RR Vol. 1 p. 9 & 20). Through cross examination, it was brought out that Deputy Escalante put in his report that the vehicle driven by Appellant was not even white, but in fact was silver. (RR Vol. 1 p. 16).

Deputy Escalante further testified to other important facts:

1) When he arrived at the McDonald's he did not observe anything out of the ordinary (RR Vol. 1 p. 11).

2) There was no damage to the McDonald's Building (RR. Vol 1 p. 11& 19).

3) The Deputy did not know the how building was hit (RR Vol. 1 P. 17).

4) The Deputy did not know what time the building was hit (RR Vol. 1 p. 18).

5) The Deputy did not know if it was a male or female who hit the building. In fact, he had no description (RR Vol. 1 p. 18).

3

6) The Deputy, after reviewing the video in Court, noticed no damage to the building was captured on his video recording (RR Vol.1 p. 19).

It is therefore quite clear from the evidence and record in this case that the Trial Court erred by not granting Appellant's Motion to Suppress. Deputy Escalante had no reasonable suspicion to stop Appellant's vehicle on April 18, 2013.

## APPELLANT'S ONLY POINT OF ERROR:

**The Trial Court Erred by not granting Appellant's Motion to Suppress.**

This case is basically a traffic stop based on a tip relayed to law enforcement in Kendall County from a 911 call. It is interesting to note that the caller in this case did not witness any of the activity that alleged to have happened but was told by someone else to call 911. (RR Vol. 1 p. 19).

It is well settled law that Appellate Courts should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The Appellate Courts should also afford the same amount of deference to a trial court's rulings on application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The Appellate Courts may review "de novo" mixed questions of law and facts not falling within this category. See Guzman v. State, 955 S.W. 2d 85, 88-89 (Tex.

4

Crim. App. 1997). Also, the question of whether a certain set of facts gives rise to reasonable suspicion is reviewed "de novo". See Wade v. State, 422 S.W. 3d 661, 669 (Tex. Crim. App. 2013).

The sole issue in this case is whether Deputy Escalante based on the 911 call had reasonable suspicion to stop Appellant's vehicle. To justify a warrantless stop of Appellant's vehicle, the State was required to prove the officer had reasonable suspicion that Appellant's vehicle occupant (driver) was violating the law. See Ford v. State, 158 S.W. 3d 488, 492 (Tex. Crim. App. 2005). Further, an officer has reasonable suspicion if he has specific, articulable facts that when combined with rational inferences from those facts would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. See Wade at 668. To support a reasonable suspicion, the articulable facts must show that some activity out of the ordinary has occurred, some suggestion to connect the detainee to the unusual activity, and some indication the unusual activity is related to a crime. See Derichsweiler v. State, 348 S.W. 3d 906, 916 (Tex. Crim. App. 2011) & Meeks v. State, 653 S.W. 2d 6, 12 (Tex. Crim. App. 1983).

The facts in this case clearly show that when Deputy Escalante arrived on the scene at McDonald's he observed:

5

1) Nothing out of the ordinary (RR. Vol. 1 p.11).

2) There was no damage to the McDonald's building (RR. Vol. 1 p. 11 & 19).

3) The Deputy noticed **no** criminal activity by Appellant nor did he see Appellant committing any traffic violations prior to stopping Appellant's vehicle (RR Vol. 1 p. 19).

The facts in this case are clear and the aforementioned law is clear that Deputy Escalante had no reasonable suspicion to stop Appellant's vehicle. The Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution provide that "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated. Any evidence obtained by an officer or other person in violation of any provisions of The Constitution or laws of The State of Texas or of The Constitution or Laws of The United States of America" is inadmissible in a criminal case See Texas Code of Criminal Procedure Article 38.23. Therefore, the Trial Court should have granted Appellant's Motion to Suppress and ruled inadmissible all evidence seized in this case relating to Appellant's D.W.I. arrest including, but not limited to the results of any field sobriety testing.

Next, Deputy Escalante lacked reasonable suspicion to stop Appellant's vehicle based on the 911 call. The 911 call did not give a description of:

6

1) The driver, whether male or female (RR. Vol. 1 p. 18).

2) Any criminal activity.

3) A description of the vehicle (RR. Vol 1. P. 9 & 15).

4) How Appellant allegedly hit the McDonald's building (RR. Vol. 1 p. 17).

5) What time the Appellant allegedly hit the building (RR. Vol. 1 p. 18).

6) The description of the 911 caller or how to contact or identify the 911 caller.

An anonymous tip from a 911 call must be supported by sufficient indicia of reliability or it will seldom provide reasonable suspicion for an investigatory stop. See Martinez v. State, 348 S.W. 3d 919, 923 (Tex. Crim. App. 2011). A tip from a 911 call by an unnamed informant of undisclosed reliability standing alone rarely will establish the requisite level of suspicion necessary to justify an investigative detention. See US v. Mendenhall, 446 U.S. 544, 100 S. Ct. 1870, 1881 (1980) and State v. Sailo, 910 S.W. 2d 184,188 (Tex. App. Ft. Worth 1995 pet. ref'd). As noted from the facts referenced above, the 911 call in this case showed no reliable facts. In fact, the Deputy noticed no damage to the building and did not even have a description of the vehicle or what time this event even occurred. The 911 caller in this case did not report any contextual factors that would have lead Deputy Escalante to reasonably believe he was justified in stopping Appellant's vehicle.

7

See <u>Martinez v. State</u> at 925 and <u>Arguellez v. State</u>, 409 S.W. 3d 657, 663-664 (Tex. Crim. App. 2013).

Further, there was no evidence in the record to suggest the Love's Truck Stop or the McDonald's was remotely near or connected to a high crime area. Deputy Escalante was not able to corroborate any of the facts from the 911 call because the call was really conclusory. Basically, the call stated we have someone here in the drive-through at McDonald's that hit the building and appears intoxicated. However, as noted earlier:

1) The call does not say what time this occurred.

2) Who actually observed this activity.

3) A description of the driver.

4) A description of the vehicle.

5) How the building was actually hit.

Without more, the law is clear. Deputy Escalante had no reasonable suspicion to stop Appellant's vehicle. Reasonable suspicion requires the information in the call to be reliable in its assertion of unlawful conduct, See <u>Florida v. J.L.</u>, 529 U.S. 266, 270, 120 S. Ct. 1375 (2000). In this case, again, Deputy Escalante saw no criminal activity, no damage to the building, and no traffic violations prior to stopping the Appellant's vehicle.

8

In conclusion, the Trial Court committed error by not granting Appellant's Motion to Suppress.

## **CONCULSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Court of

Appeals to uphold the points of error presented herein, reverse the judgment, and

remand the case for a new trial.

Respectfully submitted,

Harold J. Danford
Danford Law Firm
813 Barnett Street
Kerrville, Texas 78028
State Bar No. 00783924
(830)257-4045 Office
(830)896-5250 Fax
hdanford@ktc.com

10

## Certificate of Service

I hereby certify that a true and correct copy of Appellant's Brief has been sent to Donald Allee, Kendall County Attorney, 201 East San Antonio Street, Suite 306, Boerne, Texas 78006-2050 by U.S. Certified mail on this the ___11th___ day of May, 2015.

Harold J. Danford

## Certificate of Compliance

I, Harold J. Danford, hereby certify that in compliance to Texas Rules of Appellate Procedure Rule 9.4(i)(3), this document has <u>2,325</u> words according to the word count the computer program used to prepare the document.

Signed on <u>May 11</u>, 2015.

Harold J. Danford