In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-21-00070-CV
_____

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### JONATHAN DAKOTA HARGRODER, Appellee

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 7406**

### MEMORANDUM OPINION

An administrative law judge ("ALJ") issued a decision and administrative suspension of the driver's license of Appellee, Jonathan Dakota Hargroder. Hargroder then appealed the suspension of his license to the District Court in Hardin County, Texas. The district court reversed the ruling of the ALJ, and Appellant the Texas Department of Public Safety ("Appellant" or "Department") appeals the judgment of the district court. In one issue, the Department asserts that the district court erred in reversing the ALJ's Administrative Decision. We reverse and remand.

1

Background

In October 2020, an ALJ held a hearing under Chapter 524 of the Transportation Code at the Department's request. The Department offered five exhibits into evidence, Hargroder raised no objection to the exhibits and the ALJ admitted the exhibits. One of the exhibits was a Peace Officer's Sworn Report, dated December 7, 2019, and executed under penalty of perjury by Trooper Robert Perrault. Therein the Trooper stated that he had observed a white Chevrolet pickup truck traveling on FM 92, and that he had reasonable suspicion to stop the vehicle because the driver was "traveling above the posted speed limit and driving on [the] improved shoulder when prohibited." According to the Sworn Report, upon stopping the truck, the driver identified himself as Hargroder, and the Trooper stated that he observed that Hargroder showed signs of intoxication or alcohol consumption, including "odor of alcoholic beverage, red bloodshot eyes, slow slurred speech, [and] disheveled appearance." In a field sobriety test, the Trooper noted that he observed six clues for intoxication on the HGN test and six clues on the walk-and-turn test. According to Perrault's report, Hargroder could not perform the one-leg-stand test "due to the suspect's safety and well-being." The Trooper's report included the result of an intoxilyzer test that showed "0.226, 0.231[.]" Additionally, a Notice of Suspension was admitted into evidence which stated that Hargroder's driver's license would be suspended because he "provided a specimen of breath or

2

blood, and an analysis of the specimen showed an alcohol concentration of .08 or greater following an arrest for an offense involving the operation of a motor vehicle or watercraft." Finally, a Texas Forensic Breath Alcohol Analytical Report for Hargroder dated December 8, 2019 was admitted into evidence, and the report showed "Result 1: 0.231 g/210L" and "Result 2: 0.226 g/210L[.]"

At the suspension hearing, Hargroder opposed the Department's request that his driver's license be suspended and argued:

> There is no reasonable suspicion to stop the Defendant, Jonathan Hargroder, because DPS failed to prove that a Traffic Code violation occurred. If you look at [the peace officer's report] there's statements of traveling above posted speed limit and driving on improved shoulder when prohibited are conclusory and do not establish reasonable suspicion to stop the Defendant.

The Department responded that "you're not allowed to drive on the improved shoulder without one of the exceptions listed in the Transportation Code [and] [a]ccording to Trooper Perrault, none of those existed, and the stop was justified[.]"

> The ALJ made the following Findings of Fact in its Administration Decision:
>
> 1) On December 7, 2019, reasonable suspicion to stop the Defendant existed, in that Officer Perrault observed the Defendant driving a white Chevrolet Silverado pickup truck on FM 92 in Hardin County, Texas, and the Defendant drove on the improved shoulder when prohibited.
>
> 2) On the same date, probable cause to arrest the Defendant existed, in that probable cause existed to believe that the Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Officer Perrault observed the Defendant had an odor of an alcoholic beverage, red, bloodshot eyes, slow, slurred speech, and a disheveled appearance. Officer Perrault administered the

HGN test and observed six clues. On the Walk and Turn test, the Defendant could not keep his balance during the instructions, started too soon, missed heel to toe, stepped off line, used his arms for balance, and took the wrong number of steps.

3) The Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4) The Defendant was operating a motor vehicle in a public place, Hardin County, Texas, with an alcohol concentration of 0.08 grams or greater of alcohol per 210 liters of breath as determined by the Defendant's submission to a breath test as requested.

In the Conclusions of Law, the ALJ concluded that the Department proved the issues set out in section 524.035 of the Transportation Code and that Hargroder's license was subject to suspension or denial for ninety days pursuant to section 524.022 of the Transportation Code. The decision authorized the Department to suspend or deny Hargroder's driving privileges for the period indicated.

Hargroder then appealed the Administrative Decision to the District Court, arguing:

Said Administrative Law Judge erred in the decision to suspend Plaintiff's driver's license because there was insufficient evidence to support reasonable suspicion to stop Plaintiff; there was insufficient evidence to support that Plaintiff violated any traffic codes; and there was insufficient evidence of probable cause that the officer had to arrest Plaintiff.

The 356th District Court for Hardin County, Texas, heard the case. After a hearing, the district court entered an order stating that "there was error in the Judgment[]" rendered by the ALJ, and the District Court reversed the decision of the ALJ and

4

rendered judgment in favor of Hargroder.[1] Neither party requested findings of fact and conclusions of law, and the appellate record contains no findings or conclusions of law. Thereafter, the Department appealed.

## Issue

In a single issue, Appellant argues that the ALJ's decision was not erroneous, and the inferences drawn from Trooper Perrault's articulated facts were sufficient to warrant the belief that Hargroder was in violation of the Transportation Code's prohibition of driving on an improved shoulder, the Trooper was justified in executing a temporary stop and detention, and the Trooper's observations during the stop and detention supported his arrest of Hargroder for driving while intoxicated. According to the Department, because the uncontroverted record from the administrative hearing supports a conclusion that the Department met its burden of proof on Hargroder's arrest for driving while intoxicated, the trial court was required to leave the ALJ's decision undisturbed. Appellant further argues that Hargroder failed to negate any of the facts and circumstances in the Department's evidence at trial. Appellant argues that the district court "substituted its judgment for the judgment of the ALJ[,] which does not comport with the standard of review" that should have been applied by the district court.

---

[1] The appellate record includes a letter from the court reporter stating that the hearing in the 356th District Court was held via Zoom and that no record was taken.

Hargroder argues that the evidence the Department presented at the administrative hearing was insufficient to support the ALJ's finding that reasonable suspicion existed to stop Hargroder. According to Hargroder, Perrault's report "merely concluded that Hargroder was 'traveling above the posted speed limit and driving on the improved shoulder when prohibited[]'" and the record showed no evidence of the seven permissible reasons when a driver may drive on an improved shoulder.

Standard of Review

Judicial review of administrative license-suspension decisions is governed by a "substantial evidence standard." *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *See id.* (citing Tex. Gov't Code Ann. § 2001.174; *Tex. Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984)). The reviewing court may consider only the record on which the ALJ's decision was based. *See Tex. State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988). Whether substantial evidence supports the administrative decision is a question of law, and on questions of law, neither the trial court nor the ALJ is entitled to deference on appeal. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam).

6

In the original administrative hearing, the agency itself is the primary fact-finder, and on appeal, the question to be determined by the trial court is strictly one of law. *Id.*; *Firemen's & Policemen's Civ. Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984) (citing *Bd. of Firemen's Relief & Retirement Fund Trustees of Hous. v. Marks*, 242 S.W.2d 181, 183 (1951)); *Gilder v. Meno*, 926 S.W.2d 357, 361 (Tex. App.—Austin 1996, writ denied) (Judicial review of an administrative decision "requires the reviewing court to decide a hypothetical question: whether there exists at the time of judicial review a lawful basis in fact for what the agency did at an earlier time."). We also review de novo the trial court's determination of whether substantial evidence supports the administrative decision. *See Alford*, 209 S.W.3d at 103.

Section 724.047 of the Transportation Code provides that "Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a license." *See* Tex. Transp. Code Ann. § 724.047. Section 524.043 establishes the rules for an appeal, but it does not define the scope of review. *See id.* § 524.043; *see also Alford*, 209 S.W.3d at 103. The Texas Government Code provides that:

> If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:
> (1) may affirm the agency decision in whole or in part; and

7

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (A) in violation of a constitutional or statutory provision;
> (B) in excess of the agency's statutory authority;
> (C) made through unlawful procedure;
> (D) affected by other error of law;
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See* Tex. Gov't Code Ann. § 2001.174; *see also Nucor Steel v. Pub. Util. Comm'n of Tex.*, 168 S.W.3d 260, 267 (Tex. App.—Austin 2005, no pet.) (explaining that, under the "substantial evidence rule," a reviewing court does not substitute its judgment for an agency's decision unless a subsection of section 2001.174(2) applies).

The dispositive issue for the reviewing court is not whether the agency's decision was correct but whether some reasonable basis exists in the record for the agency's action. *See Mireles*, 9 S.W.3d at 131. Similarly, we must affirm administrative findings in contested cases if more than a scintilla of evidence supports them, and we may affirm the agency's decision "even if the evidence preponderates against it." *See id.*; *see also R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995) ("Substantial evidence requires only more than a mere scintilla[.]"). In conducting our de novo review, we must decide "'not whether the agency's decision was correct, but only whether the record demonstrates

some reasonable basis for the agency's action." *Rodriguez v. Tex. Dep't of Pub. Safety*, No. 09-15-00147-CV, 2016 Tex. App. LEXIS 13780, at **3-4 (Tex. App.—Beaumont Dec. 29, 2016, no pet.) (mem. op.) (quoting *Mireles*, 9 S.W.3d at 131).

Analysis

Appellee argued to the ALJ that the statements in Trooper Perrault's report were conclusory, and in his Petition for Appeal of Administrative Decision he argued "there was insufficient evidence of probable cause[.]" On appeal to this Court, he argues that "[t]he record is completely void of any evidence, testimonial or otherwise, regarding any of the seven approved permissible reasons that a driver may operate a vehicle on an improved shoulder or that doing so was unsafe." According to Appellee, the evidence was insufficient to support the traffic stop "as it amounts to nothing more than a conclusory statement." Appellee failed to argue to the ALJ or the district court that the Department did not present evidence of the "seven approved permissible reasons that a driver may operate a vehicle on an improved shoulder." Consequently, he has waived this argument for appeal. *See* Tex. R. App. P. 33.1; *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (a party's argument on appeal must comport with its argument at trial).

A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal

9

activity may be in progress or about to occur, even if the officer lacks evidence rising to the level of probable cause. *Terry v. Ohio*, 392 U.S. 1, 29 (1968); *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). We examine the reasonableness of a temporary detention in light of the totality of the circumstances. *See United States v. Cortez*, 449 U.S. 411, 417 (1981) (explaining "the totality of the circumstances—the whole picture—must be taken into account[]" when determining whether reasonable cause for a traffic stop exists); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000); *Woods*, 956 S.W.2d at 38. To support a reasonable suspicion, the articulable facts must show "'that some activity out of the ordinary has occurred, some suggestion to connect the detainee to the unusual activity, and some indication that the unusual activity is related to crime.'" *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (quoting *Meeks v. State*, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983)). Therefore, for reasonable suspicion to exist, it is not necessary that an actual violation occurred; rather, all that is necessary is that "the officer reasonably believed that a violation was in progress." *Green v. State*, 93 S.W.3d 541, 545 (Tex. App.—Texarkana 2002, pet. ref'd); *Cook v. State*, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). In determining whether an officer's suspicion was reasonable, we employ an objective standard: whether the facts available to the officer at the moment of detention warrant a person of reasonable caution to believe that the action taken was appropriate. *See Terry*, 392

U.S. at 21-22; *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998,

pet. ref'd) (citing *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997)).

Section 545.058(a) of the Texas Transportation Code provides that a motorist

may drive on an improved shoulder to the right of the main traveled portion of a

roadway if that operation is necessary and may be done safely, but only:

> (1) to stop, stand, or park;
> (2) to accelerate before entering the main traveled lane of traffic;
> (3) to decelerate before making a right turn;
> (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
> (5) to allow another vehicle traveling faster to pass;
> (6) as permitted or required by an official traffic-control device; or
> (7) to avoid a collision.

Tex. Transp. Code Ann. § 545.058(a) (Driving on Improved Shoulder). The Court

of Criminal Appeals has explained that the statute "does not set up a shifting-burden,

self-defense-style framework[.]" *Lothrop v. State*, 372 S.W.3d 187, 191 (Tex. Crim.

App. 2012). The Court explained:

> [T]he offense of illegally driving on an improved shoulder can be proved in one of two ways: either driving on the improved shoulder was not a necessary part of achieving one of the seven approved purposes, or driving on the improved shoulder could not have been done safely. Merely driving on an improved shoulder is not prima facie evidence of an offense. Thus if an officer sees a driver driving on an improved shoulder, and it appears that driving on the improved shoulder was necessary to achieving one of the seven approved purposes, and it is done safely, that officer does not have reasonable suspicion that an offense occurred.

11

*Id.* (citing *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007) (explaining the standard for reasonable suspicion)). In *Lothrop*, the officer initiated a traffic stop "based solely" upon seeing the defendant pass a slowing car on the shoulder, and the officer "did not testify that the appellant's driving was unsafe, *or that the appellant violated any other laws*." *Id.* at 189 (emphasis added). The Court held that the officer did not have reasonable suspicion for the traffic stop based on section 545.058. *Id.* at 191.

The record in this case is factually distinguishable from that in *Lothrop* because Perrault stated in his sworn report not only that Hargroder was "driving on [the] improved shoulder" but also that he did so "when prohibited[]" and that he was "travelling above the posted speed limit[.]" Unlike in *Lothrop*, there was evidence that Hargroder was violating another law—namely, driving above the posted speed limit[2]. While the record from the administrative hearing may not be sufficient to support a conclusion that Hargroder actually violated section 545.058, reasonable suspicion does not require proof that a traffic violation has occurred to justify a traffic stop. *See Derichsweiler*, 348 S.W.3d at 916; *Cook*, 63 S.W.3d at 929.

Considering the totality of the circumstances and "the whole picture[,]" we conclude that there was substantial evidence sufficient to support the ALJ's finding

---

[2] A speed in excess of the limit established by law "is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." Tex. Transp. Code Ann. § 545.352(a).

of fact that reasonable cause supported the traffic stop of Hargroder. *See Cortez*, 449 U.S. at 417; *Terry*, 392 U.S. at 29; *Woods*, 956 S.W.2d at 35. In other words, some reasonable basis exists in the record for the ALJ's decision. *See Mireles*, 9 S.W.3d at 131. Finding no basis for the district court's determination "that there was error in the Judgment[]" based on the record before us, we sustain Appellant's issue on appeal. *See* Tex. Gov't Code Ann. § 2001.174(2) (outlining the criteria for reversal of an administrative decision). We conclude that the district court erred when it reversed the ALJ's decision and rendered judgment in favor of Hargroder. Therefore, we reverse the district court's judgment and render judgment reinstating the ALJ's order authorizing the suspension of Hargroder's driving privileges.

REVERSED AND RENDERED.

_____
LEANNE JOHNSON
Justice

Submitted on July 15, 2021
Opinion Delivered August 26, 2021

Before Golemon, C.J., Horton and Johnson, JJ.